# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| RONALD MARK CLARK, | : | PRISONER CIVIL RIGHTS |
| Inmate No. 1039639, | : | 42 U.S.C. §1983 |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | CIVIL ACTION NO. |
| COBB COUNTY, CITY | : | 1:21-CV-5078-SDG-JSA |
| OF MARIETTA; et al. | : | |
| Defendants. | : | |

## MAGISTRATE JUDGE'S FINAL REPORT AND RECOMMENDATION

Before the Court is Plaintiff Ronald Mark Clark's *pro se* civil rights action. The matter is before the Court for a frivolity screening pursuant to 28 U.S.C. §1915A.

I.    28 U.S.C. § 1915A Frivolity Review

Pursuant to 28 U.S.C. §1915A, a federal court is required to conduct an initial screening of a prisoner complaint to determine whether the action is: (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§1915A(b). A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011) (internal quotation marks and citations omitted). To state a claim, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to

relief[.]" Fed. R. Civ. P. 8(a)(2). "A plaintiff . . . must plead facts sufficient to show that [his] claim has substantive plausibility" and to inform the defendant of "the factual basis" for the complaint. *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 135 S. Ct. 346, 347 (2014).

In reviewing whether a plaintiff has stated a claim, the Court presumes the truth of a plaintiff's non-frivolous factual allegations, construing them in the plaintiff's favor. *Gissendaner v. Commissioner, Ga. Dep't of Corr.*, 803 F.3d 565, 578 (11th Cir. 2015). Additionally, the Court holds *pro se* pleadings to a less stringent standard than pleadings drafted by lawyers, *Bingham*, 654 F.3d at 1175, but "this leniency does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168-69 (11th Cir. 2014) (internal quotation marks and citation omitted).

II.  Plaintiff's Claims

Plaintiff names as Defendants Cobb County, former Cobb County Sheriff Neil Warren, the Chief of the Cobb County Jail, and a bail bonds company. (Doc. 1). He complains that after his arrest in Cobb County in 2017, he was granted bond; the bail bonds company took over $9,000.00 from Plaintiff's mother which she paid from Plaintiff's Social Security disability benefits; before Plaintiff could be released he was transferred to Central State Hospital for a competency evaluation; and when he

returned to the Cobb County Jail on December 8, 2017, he was not released on bond and never received a refund of his money.  Plaintiff also complains that he was transferred "out of [the] prison system entirely" for "filing any lawsuits and post conviction montions [sic]" and that as a result he suffered actual injury because he missed deadlines and lost his lawsuit.  Plaintiff seeks monetary damages.

III.   Analysis of Plaintiff's Claims

    A.   Res Judicata Precludes Plaintiff From Bringing His Bond Claim.

In connection with his allegations that his mother paid for his bond with his Social Security benefits, Plaintiff raised a nearly identical claim in a fifth amended complaint in a previous case before this Court.  *See Clark v. State of Ga.*, Civil Action No. 1:21-CV-3396-SDG at Doc. 17.  It is appropriate for the Court to consider res judicata at the frivolity stage.  *See, e.g., Harmon v. Webster*, 263 F. App'x 844, 846 (11th Cir. 2008) (affirming district court's §1915A frivolity dismissal based on res judicata); *accord O'Berry v. State Att'ys Off.*, 241 F. App'x 654, 659 (11th Cir. 2007).

"Res judicata 'bars the filing of claims which were raised or could have been raised in an earlier proceeding.'"[1]  *Griffin v. Focus Brands, Inc.*, 685 F. App'x 758,

---

[1]    The term "res judicata" collectively refers to preclusion doctrines such as claim preclusion and issue preclusion.  *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008); *see also Crowley Mar. Corp. v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.*, 931 F.3d 1112 (11th Cir. 2019) ("Res judicata is a term applied to various forms of

760 (11th Cir. 2017) (quoting *Ragsdale v. Rubbermaid, Inc.*, 193 F.3d 1235, 1238 (11th Cir. 1999)).  The purpose of res judicata is to protect against the expense and vexation of defending multiple lawsuits, to conserve judicial resources, and to foster reliance on judicial decisions by minimizing the possibility of inconsistent results.  *Crane v. Sec'y of Lab.*, 683 F. App'x 813, 818 (11th Cir. 2017).  A claim will be barred by res judicata when (1) there is a final judgment on the merits; (2) the decision was rendered by a court of competent jurisdiction; (3) the parties, or those in privity with them, are identical in both suits; and (4) the same cause of action is involved in both cases.  *Id.*; *Griffin*, 685 F. App'x at 760-61.  All of these elements are satisfied here.

    First, the claim Plaintiff raised in the fifth amended complaint in the previous case was based on the actions of, and in privity with, the bail bonds company, the former Cobb County Sheriff, and the Chief of the Cobb County Jail.  *Clark*, Civil Action No. 1:21-CV-3396-SDG at Doc. 17.  *See Springer v. Wells Fargo Bank, N.A.*, 784 F. App'x 721, 725 (11th Cir. 2019) ("Privity is defined as 'a relationship between one who is a party of record and a nonparty that is sufficiently close so a judgment for or against the party should bind or protect the nonparty.'") (citations omitted); *Sharpley v. Raley*, 153 F. App'x 624, 627-28 (11th Cir. 2005) ("One in

---

preclusion.").  For ease of discussion and reference, the undersigned simply uses the term res judicata here.

4

privity with a party is one who shares the legal interests of that party in the prior proceeding.").

Additionally, this case and Plaintiff's previous case are the same cause of action for res judicata purposes. This case arises out of the same nucleus of operative fact, is based on the same factual predicate, and is based on the same allegations as those raised in the fifth amended complaint in Plaintiff's previous case. Indeed, in that amended complaint Plaintiff specifically complained that after he was arrested in 2017 and was granted bond, a bonding company took over $9,000.00 from his mother – which she paid from Plaintiff's Social Security disability benefits – and before his release he was transferred to the Central State Hospital for a competency evaluation, was denied bond upon his return, and never received a refund. *Clark*, Civil Action No. 1:21-CV-3396-SDG at Doc. 17. *See Crane*, 683 F. App'x at 818 (stating that for purposes of res judicata, "two cases are really the same 'claim' or 'cause of action' if they are based on the same 'nucleus of operative facts' or are 'based on the same factual predicate'") (citations omitted); *Montford v. Moreno*, No. 04-12909, 2005 WL 1369563, at *6 (11th Cir. June 9, 2005) ("[I]n general, if a case arises out of the same nucleus of operative fact, or is based upon the same factual predicate, as a former action, . . . the two cases are really the same 'claim' or 'cause of action' for purposes of res judicata.") (quoting *Ragsdale*, 193 F.3d at 1238) (internal quotation marks omitted).

Finally, a court of competent jurisdiction – this Court – rendered a decision on the merits when the Court determined that Plaintiff's allegations were time-barred and frivolous under 28 U.S.C. §1915A. *Clark*, Civil Action No. 1:21-CV-3396-SDG at Doc. 20, pp. 8-10.[2] That conclusion constitutes a decision on the merits. *See Harmon*, 263 F. App'x at 845-46 (finding that a previous dismissal for failure to state a claim or as frivolous is an adjudication on the merits for res judicata purposes). Accordingly, res judicata precludes Plaintiff from raising this claim.

B.  Plaintiff Has Failed To State Claims For Retaliation And Access To The Courts.

Insofar as Plaintiff raises a claim for retaliation, he states that "it appears [he] was transferred for filing any lawsuits and post conviction montions [sic] out of prison system entirely[.]" (Doc. 1 at 6). Presumably the transfer to which Plaintiff refers is his admission to the Central State Hospital for the competency evaluation. This claim is time-barred.

The Court is authorized to dismiss a complaint *sua sponte* if it determines that the action would be barred by the statute of limitations. *See Simpson v. Florida*, 708 F. App'x 635, 636 (11th Cir. 2018) ("A district court may properly dismiss a §1983 complaint *sua sponte*, without requiring any responsive pleadings, for failure to state

---

[2]  The Court also found that these new claims filed in Plaintiff's fifth amended complaint did not relate back to the original complaint. *Clark*, Civil Action No. 1:21-CV-3396-SDG at Doc. 20, pp. 10-11.

a claim if the action would be barred by the state's statute of limitations."); *see also Luczak v. Farnham*, 842 F. App'x 374, 376-77 (11th Cir. 2021) (affirming district court's *sua sponte* dismissal of prisoner's complaint as barred by the statute of limitations); *Allen v. King*, 279 F. App'x 847, 848 (11th Cir. 2008) (affirming district court's *sua sponte* dismissal of prisoner complaint as time-barred).

Federal courts apply their forum state's statute of limitations for actions brought under §1983. *Foudy v. Indian River Cnty. Sheriff's Off.*, 845 F.3d 1117, 1123 (11th Cir. 2017). Georgia's two-year statute of limitations therefore applies to this case. Federal law, however, governs the date that the claim accrues, and provides that "the statute of limitations begins to run when 'the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights.'" *Betts v. Hall*, 679 F. App'x 810, 812 (11th Cir. 2017) (quoting *Mullinax v. McElhenney*, 817 F.2d 711, 716 (11th Cir. 1987)).

Plaintiff's transfer from the Cobb County Jail to Central State Hospital occurred on October 31, 2017, and Plaintiff was transferred back to the Cobb County Jail on December 8, 2017. *See Clark*, Civil Action No. 1:21-CV-3396-SDG at Doc. 17 p. 5. Thus, Plaintiff was aware of the alleged retaliatory transfer as early as

October of 2017. The retaliation claim in the instant complaint, signed by Plaintiff over three years later on December 5, 2021, is untimely.[3]

Even if Plaintiff's retaliation claim was timely, however, he still has failed to state a cognizable §1983 claim. "[A] prison inmate retains those First Amendment rights that are not inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system." *Pell v. Procunier*, 417 U.S. 817, 822 (1974). To prove retaliation in violation of the First Amendment, an inmate must show that (1) his speech or act was constitutionally protected; (2) prison officials caused him to suffer an adverse action that would deter a person of ordinary firmness from engaging in such speech or act; and (3) the protected conduct and adverse action were causally connected. *Smith v. Mosley*, 532 F.3d 1270, 1276 (11th Cir. 2008).

Plaintiff has not stated a viable claim of retaliation because he has not alleged any facts supporting a plausible finding that a prison official caused his transfer from the Cobb County Jail to Central State Hospital, allegedly because he filed lawsuits. In fact, a review of the docket in Plaintiff's criminal case indicates that the basis for his transfer to the hospital is that the Court, not a prison official, ordered a

---

[3]   To the degree that Plaintiff states that the statute of limitations should be tolled because he did not discover that his mother used his disability benefits until 2020, the Court previously rejected that argument in connection with his other claims. *Clark*, Civil Action No. 1:21-cv-3396-SDG at Doc. 20 p. 9.

competency evaluation. *See Cobb County Superior Court Docket Search*, *available at* https://ctsearch.cobbsuperiorcourtclerk.com/Results (last visited March 29, 2022).[4] Thus, none of the named Defendants had a role in transferring Plaintiff to Central State Hospital, and Plaintiff has failed to demonstrate any connection between his alleged filing of lawsuits and his transfer thereto. *Cf. Gomez v. Grossheim*, 901 F.2d 686, 688 (8th Cir. 1990) (finding prisoner failed to state retaliation claim where he was transferred because, *inter alia*, a psychiatric evaluation could not be pursued at the prison where he was located).

To the degree that Plaintiff also claims that his transfer caused him to lose some type of post-conviction appeal, because he has not demonstrated retaliation, his access to the courts claim also fails. And any such access to the courts claim also would be barred by the statute of limitations.

Regardless, in order to state a viable access to the courts claim, a plaintiff must allege facts demonstrating that he has suffered actual harm; *i.e.,* that an official's action frustrated his efforts to pursue a *non-frivolous* prosecution of a direct appeal of a conviction, habeas petition, or civil rights suit. *Lewis v. Casey*, 518 U.S. 343, 349 (1996); *see also Wilson v. Blankenship*, 163 F.3d 1284, 1290-91 (11th Cir. 1998)

---

[4] This Court can take judicial notice of Plaintiff's state court records. *See Redner v. Citrus Cnty., Fla.*, 919 F.2d 646, 657 n.14 (11th Cir. 1990) (stating that a court may take judicial notice of a state court proceeding); *see also Odion v. Google Inc.*, 628 F. App'x 635, 638 (11th Cir. 2015) (noting that the district court could have taken judicial notice of state court records).

(stating that the actual injury requirement means that actions that allegedly violate an inmate's right of access to the courts "must have impeded the inmate's pursuit of a non-frivolous post-conviction claim or civil rights action"); *Bass v. Singletary*, 143 F.3d 1442, 1444-45 (11th Cir. 1998) (stating that in order to show actual injury the plaintiff must demonstrate jail officials "frustrated or impeded the inmate's efforts to pursue a nonfrivolous legal claim" which "must be an appeal from a conviction for which [he] was incarcerated, a habeas petition, or a civil rights action."). Put another way, the plaintiff must demonstrate that he had a *legitimate* claim he was unable to pursue. *See Bass v. Perrin*, 170 F.3d 1312, 1320 n.13 (11th Cir. 1999).

Plaintiff has not described any claim, let alone a legitimate or non-frivolous claim, that he was unable to pursue. Thus, Plaintiff has failed to demonstrate actual injury. *See Christopher v. Harbury*, 536 U.S. 403, 415 (2002) (holding that in an access to the courts claim "the underlying cause of action . . . is an element that must be described in the complaint, just as much as allegations must describe the official acts frustrating the litigation"); *Arthur v. Comm'r, Ala. Dep't of Corr.*, 680 F. App'x 894, 908 (11th Cir. 2017) ("'Conclusory allegations of an actual injury are insufficient.'") (quoting *Al-Amin v. Smith*, 511 F.3d 1317, 1333 (11th Cir. 2008)); *Brown v. Matauszak*, 415 F. App'x 608, 612 (6th Cir. 2011) ("Essentially, a claim for denial of access to the courts has unique pleading requirements: a plaintiff must plead a case within a case, alleging the law and facts sufficient to establish both

the interference with his access to the courts, and the non-frivolous nature of the claim that was lost."). Accordingly, Plaintiff has not stated a cognizable access to the courts claim. *See, e.g., Ferguson v. Warden, Everglades Re-Entry Ctr.*, 714 F. App'x 966, 967 (11th Cir. 2018) (affirming dismissal of access to courts claim where the plaintiff did not identify a nonfrivolous or arguable underlying claim that would demonstrate constitutional injury); *Echendu v. Patterson*, 412 F. App'x 729, 730 (5th Cir. 2011) (affirming dismissal of access to the courts claim where the plaintiff made a conclusory statement about, and identified no facts in connection with, any actual injury); *McBride v. Deer*, 240 F.3d 1287, 1290 (10th Cir. 2001) (affirming dismissal of access to courts claim where, *inter alia*, "he did not explain that his legal claim was nonfrivolous"). Accordingly, Plaintiff's complaint should be dismissed.

IV.  Conclusion

For the foregoing reasons,

**IT IS RECOMMENDED** that the complaint be dismissed as frivolous under 28 U.S.C. §1915A.

The Clerk is **DIRECTED** to withdraw the reference to the undersigned Magistrate Judge.

**IT IS SO RECOMMENDED** this 30th day of March, 2022.

_____
JUSTIN S. ANAND
UNITED STATES MAGISTRATE JUDGE

Case 1:21-cv-05078-SDG   Document 5   Filed 03/30/22   Page 12 of 12

12