IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| RONALD MARK CLARK,<br>    Plaintiff,<br><br>              v.<br><br>COBB COUNTY, et al.,<br>    Defendants. | Civil Action No.<br>1:21-cv-05078-SDG |
| RONALD MARK CLARK,<br>    Plaintiff,<br><br>              v.<br><br>STATE BAR OF GEORGIA, et al.,<br>    Defendants. | Civil Action No.<br>1:21-cv-05095-SDG |

**OPINION AND ORDER**

These cases are before the court on Plaintiff Ronald Mark Clark's objections [1:21-cv-05078-SDG, ECF 7; 1:21-cv-05095-SDG, ECF 8] to United States Magistrate Judge Justin S. Anand's Final Reports and Recommendations [1:21-cv-05078-SDG, ECF 5; 1:21-cv-05095-SDG, ECF 6] (the R&Rs or, individually, the R&R) and Clark's motions to dismiss [1:21-cv-05078-SDG, ECF 8; 1:21-cv-05095-SDG, ECF 8]. The Court has carefully reviewed and considered each of Clark's filings independently and in light of Clark's other cases before this Court. For the following reasons, Clark's objections are **OVERRULED**, and the R&Rs are **ADOPTED** as the orders of this Court. Clark's motions to dismiss are **DENIED**

**AS MOOT**. Clark's application to appeal *in forma pauperis* [1:21-cv-5078, ECF 10] is also **DENIED**, and the cases are **DISMISSED** pursuant to 28 U.S.C. § 1915A.

I.   **Clark's Criminal and *Pro Se* Litigation History**

Clark is an incarcerated *pro se* plaintiff. When the instant cases began, Clark was detained at the Cobb County Adult Detention Center in Marietta, Georgia.[1] Sometime during the pendency of the cases, he was relocated to the Walker State Prison in Rock Spring, Georgia.[2] During his incarceration (both as a pretrial detainee, and a convicted and sentenced state prisoner),[3] Clark filed these and at least six other now-dismissed cases. *Clark v. Georgia, et al.*, Civ. A. No. 1:21-cv-03396-SDG (N.D. Ga. Aug. 19, 2021); *Clark v. Williams, et al.*, Civ. A. No. 1:21-cv-05206-SDG (N.D. Ga. Dec. 20, 2021); *Clark v. Ga. Dept. of Behav. Health & Dev. Disabilities, et al.*, Civ. A. No. 1:21-cv-5207-SDG (N.D. Ga. Dec. 20, 2021); *Clark v. N. Cnty. San Diego, et al.*, Civ. A. No. 1:21-cv-5307-SDG (N.D. Ga. Dec. 27, 2021); *Clark v. Clark*, Civ. A. No. 1:21-cv-05308-SDG (N.D. Ga. Dec. 27, 2021); *Clark v. Soc. Sec. Admin.*, Civ. A. No. 1:22-cv-00015-SDG (N.D. Ga. Jan. 3, 2022).[4]

---

[1]   1:21-cv-05078-SDG, ECF 1-1, at 2; 1:21-cv-05095-SDG, ECF 1-1, at 2.

[2]   1:21-cv-05078-SDG, ECF 8, at 3; 1:21-cv-05095-SDG, ECF 8, at 6.

[3]   1:21-cv-05078-SDG, ECF 1, at 4; 1:21-cv-05095-SDG, ECF 1, at 4.

[4]   Throughout the remainder of this Order, the Court cites only to the civil action numbers of Clark's cases where applicable.

Despite the volume of Clark's litigation, he has neither prevailed nor progressed beyond filing a complaint in any case before this Court. Rather, all of his cases have been (i) dismissed under 28 U.S.C. § 1915A as frivolous (*see e.g.*, 1:22-cv-00015-SDG (report and recommendation adopted and case dismissed without objection)); 1:21-cv-05207 (report and recommendation adopted and case dismissed over Clark's objections); 1:21-cv-05206 (same)); (ii) dismissed under 28 U.S.C. § 1406 for laying venue in the wrong federal district (*see e.g.*, 1:21-cv-5307); or (iii) voluntarily dismissed on Clark's own motion per this Court's adoption of a report and recommendation recommending that the motion be granted (*see, e.g.*, 1:21-cv-05308-SDG).

The instant cases present a different posture. In these cases, Judge Anand entered the R&Rs *before* Clark moved to dismiss. First, in 1:21-cv-05095, Judge Anand entered the R&R on March 23, 2022.[5] On April 15, Clark untimely filed objections to the R&R and a motion to dismiss.[6] Second, in 1:21-cv-05078, Judge Anand entered the R&R on March 30, 2022, recommending dismissal of the case as frivolous per Section 1915A.[7] Then, on April 15, Clark filed timely objections to

---

[5]  1:21-cv-05095, ECF 6.

[6]  *Id.* at ECF 8.

[7]  1:21-cv-05078, ECF 5.

the R&R and moved to dismiss the case.[8] The issue now before the Court is whether it should adjudicate Clark's objections to the R&Rs, or ignore Clark's objections and construe his motions to dismiss as notices of voluntary dismissal pursuant to Fed. R. Civ. P. 41. Sound policy and the applicable authorities support the former and counsel against the latter.

## II. Rule 41 and the Prison Litigation Reform Act

Clark filed objections to the R&Rs, which suggest he wishes to proceed with the litigations, but also moved to dismiss the cases without prejudice so he can pursue them "at a later date after his release from prison."[9] Rule 41 provides that a plaintiff "may dismiss an action without a court order by filing[ ] a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." Fed. R. Civ. P. 41(a)(1)(A)(i). However, it includes an important caveat: voluntary dismissal is "[s]ubject to . . . any applicable federal statute." Fed. R. Civ. P. 41(a)(1)(A). Here, as Clark is a prisoner with a history of filing frivolous claims, the obvious federal statute to consult is the Prison Litigation Reform Act (PLRA).

---

[8] *Id.* at ECF 7, ECF 8.

[9] *Id.* at 1; *see also* 1:21-cv-05095-SDG, ECF 8, at 5.

As it relates to Clark and the instant cases, the PLRA contains the so-called "three strikes rule":

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

The PLRA is a screening mechanism to prevent frivolous prisoner litigation. *Ahumed v. Fed. Nat'l Mortg. Ass'n*, No. 1:11-cv-2175-ODE-RGV, 2011 WL 13318915, at *2 (N.D. Ga. Dec. 13, 2011) ("[T]he purpose of the frivolity review is to filter non-paying litigants' lawsuits through a screening process functionally similar to the one created by the financial disincentives that help deter the filing of frivolous lawsuits by paying litigants.") (citing *Cofield v. Ala. Pub. Serv. Comm'n*, 936 F.2d 512, 515 (11th Cir. 1991)). Put differently, Section 1915 allows courts to eliminate "baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989), *superseded by statute on other grounds as recognized in Christiansen v.*

*Clarke*, 147 F.3d 655, 658–59 (8th Cir. 1998). Courts in this Circuit understand that Section 1915's plain text "only allows a prisoner to file three meritless suits at the reduced rate provided by that section" before he "must pay the full filing fee at the time he initiates suit." *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (quoting *Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001)). And the Supreme Court has noted that Congress intended the PLRA's provisions to "discourage prisoners from filing claims that are unlikely to succeed." *Crawford-El v. Britton*, 523 U.S. 574, 596 (1998).

Clark's motions to dismiss are an attempt to dodge the screening process Congress designed. *After* the Court dismissed six of Clark's eight cases and Judge Anand entered adverse R&Rs in these remaining two, Clark sought voluntary dismissal to avoid additional strikes so that he would not be required to pay the full filing fee in future cases. Courts faced with similar maneuvers from *pro se* prisoners have not allowed voluntary dismissal. *See, e.g.*, *Jones v. White*, No. 2:15-CV-01829-RDP-SGC, 2016 WL 3626744, at *1 (N.D. Ala. July 7, 2016) ("In this instance, Plaintiff submitted the notice after the magistrate judge conducted the pre-screening process pursuant to § 1915A and recommended dismissal of this action for failure to state a claim. . . . Therefore, to the extent Plaintiff's notice . . . can be construed as a motion to dismiss this action voluntarily pursuant to Rule

41(a), the motion is **DENIED**."); *Franklin v. Scott*, No. 4:12-cv-00418-MP-GRJ, 2012 WL 4742814, at *1 (N.D. Fla. Oct. 4, 2012) ("[The] plaintiff endeavors to interrupt the PLRA-mandated screening process prior to accruing a strike for filing a legally insufficient complaint, thereby circumventing [Section] 1915(g)'s three strikes provision. . . . [T]he PLRA does not permit this type of gamesmanship.") (citing *Stone v. Smith*, No. CV608-088, 2009 WL 368620, at *1 (S.D. Ga. Feb. 13, 2009)).

Of the cases that have precluded such efforts to avoid collecting so-called "strikes," *Stone v. Smith* best details why Clark's cases should not be voluntarily dismissed. In *Stone*, as here, the plaintiff's motion to dismiss was filed after the magistrate judge recommended dismissing his case as frivolous. 2009 WL 368620, at *1. The court noted that the magistrate judge had already expended significant time and resources addressing the frivolous complaint by the time the plaintiff sought dismissal. *Id.* The *Stone* court, faced with nearly the same fact pattern as Clark's pending cases present, reasoned that it would frustrate the PLRA to allow the plaintiff to test his claims, come up lacking, and then dismiss them to avoid so-called "strikes." *Id.* (collecting cases supporting this proposition). Further, to the extent Rule 41 and the PLRA conflict, the court explained that Rule 41 "must give way" to the "later-enacted" PLRA. *Id.* ("[I]f the earlier adopted rule is inconsistent with the later enacted statutory provision, the rule yields to the statute to the extent

of the inconsistency.") (citing *Gonzalez v. Sec'y for Dep't of Corr.*, 366 F.3d 1253, 1270 (11th Cir. 2004)).

Considering the clear policy and convincing authority outlined above, the Court declines to construe Clark's motions to dismiss as notices of voluntary dismissal under Rule 41, and instead contends with Clark's objections.

### III. Clark's Objections to the R&Rs

#### A. *Clark v. Cobb County*, 1:21-cv-05078-SDG

Turning to Clark's objections in 1:21-cv-05078-SDG, the Court incorporates the facts set out in the R&R by reference.[10] In short, the R&R recommended dismissal of Clark's complaint as frivolous because his claim in connection with a purported bail bond is precluded by res judicata arising from this Court's judgment in 1:21-cv-03396-SDG, and he failed to state claims for retaliation and access to the courts.[11] Clark objects to the R&R on the following grounds: (1) Magistrate Judge Anand erred in requiring Clark to refile the claims he alleged in his 1:21-cv-03396 case, which arose out of different facts and occurrences, in separate actions; (2) Clark did not know Anytime Bonding Surety was involved in issuing his bail bond until he received its contract with his mother in December

---

10   1:21-cv-05078-SDG, ECF 5.

11   *See generally id.*

2019 as part of discovery in another matter; (3) Clark's mother was not of sound mind to enter into any contract with Anytime Bonding Surety; (4) Clark was denied due process under federal and Georgia law; (5) Clark never stated he was transferred to a mental health facility as retaliation for his other cases; (6) Anytime Bonding Surety procured by fraud social security funds from Clark's mother to collateralize his bail bond; (7) Clark "stated he was detained at Cobb County Jail starting 06-18-2021, due to an 'OUT of TIME APPEAL' filed from WALKER STATE PRISON"; (8) Clark requested on multiple occasions to have access to the law library while he was incarcerated at Cobb County Adult Detention Center; and (9) Clark requests dismissal of this case without prejudice.[12]

A party challenging a report and recommendation issued by a federal magistrate judge must file written objections that specifically identify the portions of the proposed findings and recommendations to which an objection is made and must assert a specific basis for the objection. *United States v. Schultz*, 565 F.3d 1353, 1361 (11th Cir. 2009). A "generalized re-assertion" of a prior argument that fails to "challenge [the] reasoning" in an R&R is insufficient. *Id.* at 1360. The Court must "make a *de novo* determination of those portions of the report or specified

---

[12] *See generally* 1:21-cv-05078-SDG, ECF 7.

proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *Jeffrey S. ex rel. Ernest S. v. State Bd. of Educ.*, 896 F.2d 507, 512 (11th Cir. 1990). However, the Court may decline to consider a party's argument that was not first presented to the magistrate judge. *Williams v. McNeil*, 557 F.3d 1287, 1290–92 (11th Cir. 2009).

Clark's objections raise new arguments that the Court need not consider, are the sorts of generalized re-assertions of prior arguments that fail to challenge Judge Anand's reasoning in the R&R, and contain allegations of fact not clearly tied to his allegations in this case. As a result, the Court declines to consider them.

Importantly, Clark does not contest the R&R's recommendation that his claims against Anytime Bonding Surety be dismissed as barred by res judicata. To the extent Clark takes issue with the R&R having construed his pleading as alleging that he was transferred to a mental health facility in retaliation for filing lawsuits and post-conviction motions, he does not contest the R&R's conclusion that any claim brought under 42 U.S.C. § 1983 related to that transfer (or access to courts as a result of that transfer) is time-barred.[13] Accordingly, the R&R is adopted on these points; Clark's case is dismissed for failure to state a claim.

---

13    *Id.* at ECF 5, at 8–9.

B.     *Clark v. State Bar of Georgia*, **1:21-cv-05095-SDG**

Clark's objections to the R&R in 1:21-cv-05095-SDG are untimely. Even if Clark had timely filed his objections, they suffer from the same deficiencies as his objections in 1:21-cv-05078-SDG, detailed above.

In this case, Clark alleges that the State Bar of Georgia and its employees failed to discipline or disbar his former attorneys for conduct allegedly in violation of various rules of professional conduct applicable to Georgia-barred lawyers.[14] The R&R recommends dismissal, as the State Bar of Georgia, its General Counsel, and its Grievance Counsel are immune from this type of suit.[15] Clark's objections reiterate prior arguments and wholly fail to address the R&R's immunity analysis.[16] To the extent Clark's objections raise new arguments, the Court declines to consider them. *Williams*, 557 F.3d at 1290–92. For this reason and because they are untimely, Clark's objections are overruled and the R&R is adopted in its

---

[14]  *See generally* 1:21-cv-05095-SDG, ECF 1.

[15]  *Id.* at ECF 6, at 3 (citing *Cohran v. State Bar of Ga.*, 790 F. Supp. 1568, 1574–75, 1577 (N.D. Ga. 1992) (applying O.C.G.A. § 15-19-31)).

[16]  *Id.*

entirety.

## IV.     Clark's Application to Appeal

Clark filed an application to appeal the R&R in 1:21-cv-05078 *in forma pauperis*.[17] However, the Eleventh Circuit has already dismissed Clark's appeal for lack of jurisdiction.[18] Accordingly, Clark's application is denied as moot.

## V.     Conclusion

Plaintiff Ronald Mark Clark's objections [1:21-cv-05078-SDG, ECF 7; 1:21-cv-05095-SDG, ECF 8] are **OVERRULED**, and the R&Rs [1:21-cv-05078-SDG, ECF 5; 1:21-cv-05095-SDG, ECF 6] are **ADOPTED** as the orders of this Court. Clark's motions to dismiss [1:21-cv-05078-SDG, ECF 8; 1:21-cv-05095-SDG, ECF 8] are **DENIED AS MOOT**. His application to appeal *in forma pauperis* [1:21-cv-5078, ECF 10] is **DENIED AS MOOT**. The cases are **DISMISSED** as frivolous per Section 1915A.

---

[17]   1:21-cv-05078-SDG, ECF 10.

[18]   1:21-cv-05078-SDG, ECF 16.

Clark is further **ADVISED** that, pursuant to Section 1915(g), he has amassed at least three "strikes" and is barred from bringing a civil action or appealing a civil judgment without prepayment of the applicable filing fees "*unless* [he] is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g) (emphasis added).

**SO ORDERED** this 16th day of August, 2022.

Steven D. Grimberg
United States District Court Judge